# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MANTUA MANUFACURING COMPANY**, 31050 Diamond Parkway Glenwillow, OHIO 44139 | Case No:_____ |
| | Judge: |
| Plaintiff, v. | |
| **CASPER SLEEP, INC.**, 3 World Trade Center, 39th Floor 175 Greenwich Street, New York 10007 | **COMPLAINT** (trademark infringement and unfair competition) |
| | JURY DEMAND ENDORSED HEREON |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Mantua Manufacturing Company ("Plaintiff") states the following for its Complaint and Jury Demand (the "Complaint") against Defendant Casper Sleep, Inc. ("Defendant"):

## PARTIES

1. Plaintiff is an Ohio corporation with its principal place of business located in Glenwillow, Ohio.

2. Defendant is a Delaware corporation with its principal place of business located in New York, New York.

3. The Court has subject matter jurisdiction under 15 U.S.C. §§ 1121, 1125 (Lanham Act) and 28 U.S.C. § 1331 (federal question).

4. The Court can exercise personal jurisdiction over Defendant because its operates one or more retail stores in Ohio in which it has used an infringing RISE mark, as explained in

more detail below, to market goods to Ohio residents; Defendant, through one or more of its retail stores located in Ohio, has offered to sell and/or sold goods to Ohio residents in connection with its use of the infringing mark; Defendant maintains an interactive website on which it uses the infringing mark to advertise and offer for sale goods to Ohio residents; and Defendant otherwise has sufficient contacts with the State of Ohio to warrant the exercise of personal jurisdiction over it in this forum.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and/or (b)(2).

## BACKGROUND

6. Plaintiff markets bedding products throughout the United States through a division of the company called "Rize."

7. Plaintiff owns several United States trademark registrations for the mark RIZE, in standard character and stylized forms, as shown in the table below (collectively the "Registrations" or the "Plaintiff's Registrations"):

| Reg. No. | Reg. Date | Mark | Goods |
|---|---|---|---|
| 4475101 | 1/28/14 | RIZE | Electric adjustable beds; IC 20; first use in commerce 8/24/11 |
| 4484408 | 2/18/14 | rize | Electric adjustable beds; IC 20; first use in commerce 8/24/11 |
| 5905247 | 11/5/19 | rize | Fittings of metal for beds; IC 06; first use in commerce 7/8/2019<br><br>Bed frames; Bed rails; Bed bases; Bed fittings, not of metal; Beds; Beds, mattresses, pillows and bolsters; Nightstands; Adjustable beds; Wooden beds; IC 20; first use in commerce 7/8/2019 |
| 6185830 | 10/27/20 | rize | Fittings of metal for beds; IC 06; first use in commerce 7/8/2019<br><br>Bed frames; Bed rails; Bed bases; Bed fittings, not of metal; Beds; Beds, mattresses, pillows and bolsters; Nightstands; Adjustable beds; Wooden beds; IC 20; first use in commerce 7/8/2019 |

8. U.S. Registration Nos. 4475101 and 4484408 are now incontestable under Section § 15 of the Trademark Act, 15 U.S.C. § 1065.

9. Among the products that Defendant markets under its RIZE marks are six models of electric, adjustable beds, each of which comes with a remote control that allows the user to customize the sleep position to his or her liking. By way of example, two of Plaintiff's models are depicted below:



10. As a result of Plaintiff's long-standing use of its RIZE marks to advertise, promote, and sell its adjustable bed frames and other bedding products, and the excellent customer service it provides, Plaintiff has built up substantial goodwill in its marks.

11. Plaintiff learned on or about October 2021 that Defendant was using a RISE mark to market adjustable beds that performed similar functions to the adjustable beds Plaintiff markets under its RIZE marks, using a remote control as with Plaintiff's products. The following are images of Defendant's RISE products, taken from Defendant's website at https://casper.com/bed-frames/adjustables/:

12. Defendant alternately refers to these products on its website, and elsewhere, as the "Rise," the "Rise Pro," and the "Rise Max." Such use demonstrates trademark use of the term RISE.

13. As noted above, Defendant markets its adjustable beds on its interactive website and through retail stores, including one or more retail stores located in the State of Ohio where Plaintiff resides.

14. Plaintiff sent a cease and desist letter to Defendant dated October 12, 2021, advising Defendant of Plaintiff's trademark rights, identifying Defendant's infringing conduct in relation to those rights, demanding that Defendant cease and desist from any further use of a RISE mark in connection with the marketing of adjustable beds; and indicating that Plaintiff would be willing to work with Defendant to facilitate its transition to a new mark.

15. Defendant rejected Plaintiff's demand and has continued to use a RISE mark to market its adjustable beds.

16. Defendant's use of a RISE mark in connection with the promotion and marketing of its adjustable beds is likely to cause confusion among consumers because, without limitation, the parties respective marks are phonetically identical and are spelled nearly identically; the goods with which Defendant uses its RISE mark are identical or highly similar to goods Plaintiff distributes under its RIZE mark; the parties use the same or similar channels of trade to distribute their goods, including sales through the internet and through physical retail locations; and Plaintiff's mark is strong.

17. By virtue of the registration of Plaintiff's RIZE marks on the USPTO's principal register, Defendant had constructive, if not actual, notice of Plaintiff's ownership of the marks

under Section 22 of the Lanham Act, 15 U.S.C. § 1072, prior to Defendant's use of a RISE mark in connection with the promotion and sale of adjustable beds.

18. Defendant's continuing use of a RISE mark in connection with the marketing of adjustable beds constitutes willful infringement of Plaintiff's trademark rights.

19. By virtue of Plaintiff's RIZE registrations, Plaintiff has exclusive, nationwide rights in those marks in connection with the goods set forth in the registrations, as well as any related goods.

## COUNT I
### Trademark Infringement in Violation of Section 32
### of the Trademark Act, 15 U.S.C. § 1114

20. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

21. Plaintiffs owns several U.S. Registrations for the mark RISE, in standard character and stylized form, for use with adjustable beds, among other goods.

22. As outlined above, Defendant has used and is using a mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, as to the source of its goods, as to an affiliation between Plaintiff and Defendant, or as to Plaintiff's endorsement, sponsorship, or approval of Defendant's goods or the marketing and distribution thereof.

23. Defendant's use of a RISE mark in connection with the sale, offering for sale, distribution, and advertising of its goods is without the permission, authority, or consent of Plaintiff and constitutes a violation of Plaintiff's rights in its RIZE marks.

24. Defendant's violation of Plaintiff's rights in its RIZE marks is knowing and willful.

25. Plaintiff has been damaged by Defendant's infringement, including, but not limited to, injury to Plaintiff's rights in its marks and monetary harm.

26. Defendant is liable for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, entitling Plaintiff to all remedies as may be available thereunder, including monetary damages, enhanced monetary damages for willful infringement, injunctive relief, and recovery of Plaintiff's costs and attorney's fees.

## COUNT II

### Federal Unfair Competition/False Designation of Origin
### Under Section 43 of the Trademark Act, 15 U.S.C. § 1125

27. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

28. Plaintiff owns several U.S. Registrations for the mark RISE for use with adjustable beds, among other goods, as well as common law rights in the RISE mark.

29. As set forth above, Defendant has used in commerce a word, term, name, symbol or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

30. Defendant's use of a RISE mark in connection with the sale, offering for sale, distribution, and advertising of its goods is without the permission, authority, or consent of Plaintiff and constitutes a violation of Plaintiff's rights in its RIZE marks.

31. Defendant's violation of Plaintiff's rights in its RIZE marks is knowing and willful.

32. Plaintiff has been damaged by Defendant's infringement, including, but not limited to, injury to Plaintiff's rights in its marks and monetary harm.

33. Defendant is liable for unfair competition and/or false designation under Section 43 of the Lanham Act, 15 U.S.C. § 1125, entitling Plaintiff to all remedies as may be available thereunder, including monetary damages, enhanced monetary damages for willfulness, injunctive relief, and recovery of Plaintiff's costs and attorney's fees.

## COUNT III
### Ohio Deceptive Trade Practices under O.R.C. 4165.02

34. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

35. Defendant, without the consent or authorization of Plaintiff, has used and continues to use the RISE trademark in connection adjustable beds, which use is confusingly similar to Plaintiff's RIZE mark, causing a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of Defendant's products with those of Plaintiff.

36. Defendant's use of the RISE trademark is causing a likelihood of confusion as to affiliation, connection, or association of Defendant's products with Plaintiff.

37. By using the RISE trademark, Defendant is engaging in deceptive trade practices in violation of Section 4165.02 of the Ohio Revised Code.

38. Defendant's deceptive trade practices are knowing, intentional, and willful.

39. As a result of Defendant's deceptive trade practices, Plaintiff is suffering irreparable harm.

40. Unless Defendant is enjoined, it will continue its deceptive trade practices and will continue to confuse the public and cause irreparable harm to Plaintiff.

41. As a direct and proximate result of Defendant's ongoing unlawful activities, Plaintiff has suffered damages and continues to suffer damages in an amount to be proven at trial.

42. Because Defendant's conduct is willful, Plaintiff is also entitled to recover reasonable attorney's fees from Defendant pursuant to Ohio Revised Code § 4165.03.

## COUNT IV
### Ohio Common Law Unfair Competition

43. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

44. Defendant, without the consent or authorization of Plaintiff, has used and continues to use the RISE trademark in connection with adjustable beds, which is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods provided by Defendant.

45. Defendant's use of the RISE trademark has caused, and continues to cause, a likelihood of confusion as to affiliation, connection, or association of Defendant's goods with Plaintiff.

46. By using the RISE designations Defendant is engaging in unfair competition under Ohio common law.

47. Unless Defendant is enjoined, it will continue engaging in acts of unfair competition and will continue to confuse the public and cause irreparable harm to Plaintiff.

48. As a direct and proximate result of Defendant's ongoing unlawful activities, Defendant has and continues to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter a judgment in its favor and against Defendants:

(1) Declaring that Defendant has violated Plaintiff's rights in its RIZE marks under 15 U.S.C.A. §1114 and under 15 U.S.C.A. §1125;

(2) Declaring that Defendant is committing deceptive trade practices under Ohio Revised Code 4165.02 and unfair competition under Ohio common law

(3) Permanently enjoining Defendant, any agents or representatives of Defendant, and any others acting in concert or participation with Defendant, from using a RISE mark, or any colorable imitation thereof, in connection with the sale, offering for sale, promotion, advertising, marketing or distribution of adjustable beds and any substantially related goods or services;

(4) Requiring Defendant to provide an accounting to determine all revenue, profits, savings, or other benefits obtained by Defendant through its wrongful actions;

(5) Awarding Plaintiff all monetary damages to which it may be entitled under the Lanham Act and Ohio law including, but not limited to, an award of Defendant's profits, actual damages, and/or enhanced damages for willfulness;

(6) Awarding Plaintiff its costs and reasonable attorneys' fees;

(7) Awarding Plaintiff all pre- and post-judgment interest to which it may be entitled as a matter of statutory or common law; and,

(8) Awarding Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Dominic A. Frisina

_____
Dominic A. Frisina (Ohio Bar No. 0078599)
Buckingham Doolittle & Burroughs LLC
1375 East 9th Street, Suite 1700
Cleveland, Ohio 44114
Ph. (216)736-4239
dfrisina@BDBlaw.com
*Attorney for Plaintiff*

# **JURY DEMAND**

Plaintiff hereby demands a jury trial on all claims and issues asserted in this matter that are triable to a jury.

Respectfully submitted,

/s/Dominic A. Frisina

_____
Dominic A. Frisina (Ohio Bar No. 0078599)